CLD-133                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-3209
_____

VINCENT TOLENTINO,
                              Appellant

v.

DR. SMUCKER; KARAMUDI; DR. SHIEK;
ROXANNE PLAYSO; MR. HYDE

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 3:19-cv-00184)
District Judge:  Honorable Stephanie L. Haines

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 25, 2021
Before:  RESTREPO, MATEY and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed April 6, 2021)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

1

Pro se appellant Vincent Tolentino, an inmate confined at the State Correctional Institution at Somerset, Pennsylvania ("SCI-Somerset"), appeals the District Court's order dismissing his claims against four medical staff members and a healthcare administrator at SCI-Somerset in this 42 U.S.C. § 1983 action. Because this appeal does not present a substantial question, we will summarily affirm.

In his pleadings, Tolentino alleged that he suffers from anxiety and post-traumatic stress disorder ("PTSD"), and that the medical defendants were deliberately indifferent to his medical needs by, at times, prescribing him medication that differed from his preferred medications. He further alleged that the prison healthcare administrator was deliberately indifferent to his medical needs through an unconstitutional policy, practice, and custom. Finally, he alleged in pleadings subsequent to the filing of his complaint that one of the medical defendants, Dr. Smucker, retaliated against him for naming her in this lawsuit by not prescribing his preferred medications.[1]

The Magistrate Judge screened the complaint pursuant to 28 U.S.C. § 1915A, and issued a Report and Recommendation, recommending that the case be dismissed for failure to state a claim, without leave to amend because amendment would be futile. The District Court adopted the Report and Recommendation, over Tolentino's objections, and dismissed the case without leave to amend. Tolentino timely appealed.

---

[1] The District Court liberally considered all of the allegations in Tolentino's various pleadings and filings, even though the general rule is that amended complaints supersede any prior complaints and render prior complaints nullities. See Palakovic v. Wetzel, 854 F.3d 209, 220 (3d Cir. 2017).

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Our standard of review is plenary, Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000), and we construe Tolentino's pro se complaint liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). We may summarily affirm if the appeal fails to present a substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam); 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

To begin, the District Court did not err in dismissing the deliberate-indifference claims against the medical defendants. The Eighth Amendment prohibits prison officials from being deliberately indifferent to an inmate's serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976). "To act with deliberate indifference to serious medical needs is to recklessly disregard a substantial risk of serious harm." Giles v. Kearney, 571 F.3d 318, 330 (3d Cir. 2009) (citations omitted). Allegations of mere negligent treatment, including medical malpractice, do not trigger the protections of the Eighth Amendment. See Estelle, 429 U.S. at 105-06. Furthermore, a prisoner's medical treatment is presumed to be proper "absent evidence that it violates professional standards of care." Pearson v. Prison Health Serv., 850 F.3d 526, 535 (3d Cir. 2017) (citation omitted). A prisoner's disagreement with the course of treatment does not create an actionable constitutional violation. See Monmouth Cnty. Corr. Institutional Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987). Here, Tolentino alleges that he received continuous medical treatment for his anxiety and PTSD, but that, at times, he was not prescribed his preferred medication. His allegations do not indicate that the medical treatment decisions fell below any

3

profession standards of care. Rather, his allegations amounted to disagreements in treatment, and are therefore not actionable.

The District Court also did not err in holding that Tolentino failed to state a claim against the health care administrator because he alleged no factual allegations against him. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (explaining that a pleading "that offers labels and conclusions" or "tenders naked assertion[s] devoid of further factual enhancement" fails to state a viable claim (alteration in original) (internal quotation marks omitted)).

Finally, the District Court did not err in dismissing Tolentino's retaliation claim against Dr. Smucker. To state a claim for retaliation, Tolentino needed to allege "(1) constitutionally protected conduct, (2) an adverse action by prison officials sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal link between the exercise of his constitutional rights and the adverse action taken against him." Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003). As the District Court thoroughly explained, even assuming that this claim, which arose after this action was filed, was administratively exhausted, Tolentino failed to plausibly allege a causal link between the filing of this suit and any alleged adverse action by Dr. Smucker against him. In his original complaint, he alleged that Dr. Smucker would not prescribe him certain medications. In subsequent pleadings, he alleged that she still would not prescribe him certain medications, but was then doing so as retaliation for naming her as a defendant in this lawsuit. In still later filings, he alleged that after he reported to her that the medications

4

she did prescribe were causing him insomnia, she modified the prescriptions. In sum, Tolentino failed to plausibly allege that Dr. Smucker retaliated against him for filing this lawsuit against her.

Finding no substantial question raised by this appeal, we will summarily affirm the District Judge's order.[2]  3d Cir. LAR 27.4 and I.O.P. 10.6.

---

[2] Tolentino's motion for appointment of counsel is denied.  See Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993).